# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH MONROE,<br>*Defendant.* | No. 3:94–cr–00041–004<br><br><u>OPINION & ORDER</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon an "Emergency Application for a Writ of Error Coram Nobis" (the "Petition"), which Defendant filed on June 12, 2012. (docket no. 292). I note that Defendant originally mailed his Petition to United States District Judge Henry Coke Morgan, Jr. in the Eastern District of Virginia, seemingly because Judge Morgan presided over Defendant's criminal case through trial and sentencing. As I explained to Defendant previously, however (*see* docket no. 242 n.1), his criminal case has been re-assigned to me, and Judge Morgan's chambers appropriately forwarded Defendant's Petition to Charlottesville for my consideration. For the reasons I discuss below, Defendant's Petition takes an improper form, and I will recharacterize it as a motion for relief under 28 U.S.C. § 2255, and then dismiss it for lack of jurisdiction.

## I.

On February 28, 1995, after a five-day trial, a federal jury convicted Defendant of conspiracy and possession of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. (docket no. 123). For certain offenders with prior "felony drug offense"

convictions, § 841 provides for an enhanced penalty at sentencing. A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Applying the enhanced statutory penalty provision to the United States Sentencing Guidelines at sentencing, Judge Morgan classified Defendant as a career offender under § 4B1.1, and sentenced him to a term of imprisonment of 360 months on each count, to be served concurrently.

The crux of Defendant's argument in the instant Petition—an argument he has made several times before, in other filings—is that the Court improperly applied the career offender guidelines to him at sentencing. Specifically, Defendant alleges that a certain 1985 drug-related conviction in state court in New Jersey was not a "felony drug offense" for purposes of § 841, and that he was therefore ineligible for the statutory enhancement, as well as the subsequent application of the career offender guidelines.

## II.

This is not the first time that Defendant has challenged the applicability of the career offender guidelines or otherwise sought a reduction of his sentence; however, this does appear to be the first time such challenge has taken the "coram nobis" form. On April 27, 1998, United States District Judge Jackson Kiser dismissed Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*See* civil docket 7:97–cv–000415, docket no. 12).[1] Subsequently, Defendant sent a letter to the Court seeking reconsideration of his criminal judgment. (docket no. 191). United States District Judge James H. Michael construed

---

[1] Unless specifically denoted as a "civil docket" entry, as here, all docket citations refer to Defendant's criminal docket, 3:94–cr–00041–004.

Defendant's letter as a Motion to Reconsider, and denied the Motion on March 25, 1999. (docket no. 194). On April 7, 2005, and then again on April 28, 2005, Defendant wrote two similar letters, each asking the Court to correct his sentence. (docket nos. 227–28). Judge Morgan ordered that Defendant's letters be filed as Letter Motions for Reconsideration, and, after analyzing them together, found that Defendant had not set forth any new evidence or a new rule of constitutional law, and therefore denied the Motions as prohibited successive petitions under 28 U.S.C. § 2255. (docket no. 229).

Nearly two years later, on July 12, 2007, Defendant filed another Motion for Reconsideration. (docket no. 233). Therein, Defendant argued that his sentencing enhancement for a prior felony conviction was improper on the grounds that his prior convictions in New Jersey were high misdemeanors, not felonies. I denied Defendant's Motion in an Order filed July 25, 2007 (docket no. 234). Within one day of that denial, Defendant had already filed yet another separate Motion for Reconsideration (docket no. 235), which I would later deny (docket no. 242).

Defendant went on to appeal my July 25 Order to the United States Court of Appeals for the Fourth Circuit. Defendant filed said appeal on September 4, 2007 (docket no. 236), well after ten days of entry of judgment, but the Fourth Circuit remanded the case for determination of whether Defendant had shown excusable neglect or good cause warranting an extension of the appeal period. (docket no. 246). Adopting United States Magistrate Judge B. Waugh Crigler's Report & Recommendations finding excusable neglect and good cause (*see* docket no. 266), I returned the case to the Fourth Circuit for further proceedings (docket no. 269). Then, on September 8, 2008, in a per curiam opinion, the panel vacated my July 25 Order and held that Defendant's Motion to Reconsider attacked the validity of his sentence and thus amounted to a

successive motion under 28 U.S.C. § 2255. (docket no. 273). The panel thus remanded the case to this Court with instructions to dismiss Defendant's Motion to Reconsider for lack of jurisdiction. Accordingly, I dismissed Defendant's Motion on September 15, 2008. (docket no. 274).

Undeterred, Defendant filed a Motion to Modify Sentence Pursuant to 28 U.S.C. § 2106 on May 7, 2009. (docket no. 280). Defendant had not sought authorization from the Court of Appeals prior to filing, and, again citing 28 U.S.C. § 2255's treatment of successive petitions, I dismissed Defendant's Motion for lack of jurisdiction. (docket no. 281). Later that year, Defendant sent various letters to the Court requesting grand jury information (docket nos. 282–83, 285), and, applying relevant law, I denied his request in an Order entered November 19, 2009 (docket no. 286). In 2010, Defendant again wrote to the Court seeking reconsideration of his sentence (docket no. 287), but again he found no redress, as my law clerk advised Defendant that none of the limited circumstances that might authorize the Court to reduce his sentence applied (docket no. 288).

In 2012, after Amendment 750 to the United States Sentencing Guidelines reduced a disparity in offense levels between offenses involving crack and powder cocaine, Defendant again sought a reduction in his sentence. (docket no. 289). However, by Order dated July 9, 2012, I advised Defendant that he was not eligible for a reduction, because his offense level was based on the career offender guidelines, and I denied Defendant's Motion. (docket no. 290). On July 13, 2012, Defendant filed the instant Petition.

### III.

By way of background, federal district courts have the authority to grant a writ of coram nobis pursuant to the All Writs Act, which "permits 'courts established by Act of Congress' to

issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)).

A writ of error coram nobis, though, is an "extraordinary remedy," *United States v. Morgan*, 346 U.S. 502, 511 (1954), and thus "is available only in 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" *Withanachchi v. United States*, 803 F. Supp. 2d 360, 364 (D. Md. 2011) (quoting *Denedo*, 556 U.S. at 911 (citation omitted)). The application of coram nobis has been limited not only by the foregoing, but also by the corresponding view "that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." *Denedo*, 556 at 911 (citing *Morgan*, 346 U.S. at 510–11); *United States v. Bazuaye*, 399 Fed. App'x 822, 824 (4th Cir. 2010) ("To be entitled to coram nobis relief, the petitioner must demonstrate that[, among other things]: (1) a more usual remedy is not available . . . ."). Finally, and perhaps most importantly for purposes of Defendant's Petition, "a writ of error coram nobis is available *only when the petitioner is not in custody*." *United States v. Smith*, 77 Fed. App'x 180, 180 (4th Cir. 2003) (per curiam) (emphasis added) (citing *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001)); *see also* 3 Charles Alan Wright et al., *Federal Practice and Procedure* § 624 (4th ed. 2012) ("Coram nobis is unnecessary, and will not lie, if the defendant is in custody and has a remedy available under § 2255.").

Considering the aforementioned limitations to this extraordinary remedy, I conclude that relief pursuant to a writ of coram nobis is not available to Defendant. Not only is Defendant in federal custody, but alternative remedies, including habeas corpus, also remain available[2] for him

---

[2] I observe that, at the time of this writing, Defendant has been in custody for approximately eighteen years. While I do not take up this issue in the present Opinion, relief under § 2255 may, in fact, turn out to be time-barred. *See* 28 U.S.C. § 2255(f) (setting forth a "1-year period of limitation," with certain exceptions, for § 2255 motions). That possibility, however, does not render § 2255 unavailable or inadequate for purposes of determining the propriety of Defendant's Petition for coram nobis relief. *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011); *Godoski v. United States*, 304 F.3d 761, 763–64 (7th Cir. 2002).

to pursue. As succinctly explained by the Third Circuit, coram nobis "may not be used to avoid AEDPA's[3] gatekeeping requirements." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). One such gatekeeping requirement is set forth in 28 U.S.C. § 2255(h), which requires a "second or successive motion" to "be certified . . . by a panel of the appropriate court of appeals" before a district court may consider the petition. In this way, I find Defendant's Petition to be "a wolf in sheep's clothing: an unapproved second or successive section 2255 petition masquerading as a petition for a writ of error coram nobis." *Trenkler v. United States*, 536 F.3d 85, 95 (1st Cir. 2008). And for that reason, while I ascribe no malicious or frivolous intent to Defendant's filing, I will recharacterize and construe his Petition as a successive § 2255 motion, and dismiss it for lack of jurisdiction.[4] *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

## IV.

For the foregoing reasons, Defendant's Petition is hereby RECHARACTERIZED as a motion attacking his federal sentence pursuant to 28 U.S.C. § 2255, and is hereby DISMISSED without prejudice for lack of jurisdiction. Defendant is again ADVISED that, in order to pursue any future motions pursuant to 28 U.S.C. § 2255, he must petition the United States Court of Appeals for the Fourth Circuit at 1100 East Main Street, Suite 617, Richmond, VA 23219–3517, and seek permission to file another § 2255 motion in this Court.

It is so ORDERED.

---

[3] AEDPA is the commonly used acronym for the Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104–132, 110 Stat. 1214 (codified as amended in scattered titles and sections of the United States Code).

[4] I need not notify Defendant prior to recharacterizing the present Petition as a successive § 2255 petition because, as I explained above, Defendant had previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and Defendant also filed certain other motions and letters that were recharacterized as successive § 2255 petitions. *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that, because such recharacterization can have later adverse consequences, a district court must notify a pro se litigant of its intent to recharacterize a pleading as a *first* § 2255 motion).

The Clerk of the Court is directed to send a certified copy of this Opinion & Order to Defendant, and to the United States.

Entered this  24th  day of July, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE